

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00251-CV

Juan **ALVAREZ**,
Appellant

v.

**STATE FARM LLOYDS**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI08926
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  January 10, 2018

AFFIRMED

Appellant Juan Alvarez appeals the trial court's order granting summary judgment in favor of appellee State Farm Lloyds with regard to Alvarez's Texas Insurance Code and common law bad faith claims. On appeal, Alvarez contends the trial court erred in granting summary judgment in favor of State Farm because this court's decision in *Garcia v. State Farm Lloyds*, 514 S.W.3d 257 (Tex. App.—San Antonio 2016, pet. denied), in which we held an insurer's payment of an appraisal award entitles the insurer to summary judgment on an insured's contractual and extra-contractual claims, is no longer controlling in light of the Texas Supreme Court's decision in *USAA*

*Tex. Lloyds Co. v. Menchaca*, 60 Tex. Sup. Ct. J. 672, 2017 WL 1311752 (Tex. Apr. 7, 2017). We recently addressed this same issue in *Ortiz v. State Farm Lloyds*, No. 04-17-00252-CV, 2017 WL 5162315 (Tex. App.—San Antonio Nov. 8, 2017, pet. filed) (mem. op.). Based on our analysis and holding in *Ortiz*, we affirm the trial court's summary judgment in this case.[1]

## BACKGROUND

Alvarez suffered property damage as a result of a 2014 wind and hailstorm. Alvarez's property was covered by an insurance policy issued by State Farm. After Alvarez submitted a claim, State Farm determined the property damage alleged by Alvarez fell below the insurance policy's deductible. Thus, State Farm made no payment to Alvarez. After receiving a letter from Alvarez's attorney, State Farm conducted a second investigation. As a result of this investigation, State Farm determined the property damages suffered by Alvarez exceeded his deductible and it paid Alvarez $832.57. Alvarez, believing his claim was still undervalued, sued State Farm, seeking damages for wrongful denial and underpayment of his claim. Thereafter, State Farm invoked the appraisal clause in Alvarez's policy. Through the appraisal process, it was determined that Alvarez suffered property damage in the amount of $14,377.14 — more than either of the two original damage estimates. After applying the deductible, prior payment, and depreciation, State Farm paid Alvarez $9,676.62.

In response to Alvarez's pending lawsuit, State Farm filed a motion for summary judgment, arguing it was entitled to a take-nothing summary judgment on all of Alvarez's claims based on this court's decision in *Garcia*. The trial court granted State Farm's motion for summary

---

[1] In the appellant's brief in *Ortiz*, appellate counsel for Ortiz admits the legal arguments in *Ortiz*, this appeal, and *Lazos v. State Farm Lloyds*, No. 04-17-00286-CV "are identical." The appellants in these three appeals are represented by the same appellate counsel.

judgment, rendering a take-nothing judgment in favor of State Farm. Alvarez timely filed a notice of appeal.

## ANALYSIS

As set out in the introduction, Alvarez contends this court must reconsider its *Garcia* decision in light of the supreme court's decision in *Menchaca.* However, in *Ortiz*, this court held *Menchaca* did not abrogate *Garcia. See* 2017 WL 5162315, at *1. In *Ortiz*, we recognized that under our decision in *Garcia*, an insurer's payment of an appraisal award entitles the insurer to summary judgment on an insured's contractual and extra-contractual claims. *Id.* at *1–2 (citing *Garcia*, 514 S.W.3d at 264–65, 276–79). In response to the appellant's argument that he should be allowed to proceed with his claims against State Farm based on the *Menchaca* decision, we analyzed *Menchaca* to determine whether it required us to revisit *Garcia.* After conducting the analysis, we held *Menchaca* did not invalidate our decision in *Garcia* for two reasons. *Id.* at *2– *3. First, *Menchaca* did not involve the payment of an appraisal award, and therefore, it was distinguishable. *Id.* Second, there was nothing in the "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context" that required us to revisit *Garcia* or reverse the summary judgment in favor of State Farm. *Id.* at *2–*3 (quoting *Menchaca*, 2017 WL 1311752, at *4). Here, we hold *Ortiz,* which held *Menchaca* does not alter our prior decision in *Garcia*, controls the outcome of this appeal, mandating that we overrule Alvarez's sole appellate issue. *See id.*

## CONCLUSION

Accordingly, we hold that because State Farm paid the appraisal award in this case, and Alvarez has failed to assert any ground for setting aside the appraisal award or present evidence of an act so extreme that it caused him injury independent of his claim under the policy, we hold

summary judgment was properly granted in favor of State Farm. *See Garcia*, 514 S.W.3d at 265, 278–79.

Marialyn Barnard, Justice